**HAYES PAWLENKO LLP**
MATTHEW B. HAYES (SBN 220639)
mhayes@helpcounsel.com
KYE D. PAWLENKO (SBN 221475)
kpawlenko@helpcounsel.com
595 E. COLORADO BLVD., SUITE 303
PASADENA, CA 91101
(626) 808-4357; FAX (626) 921-4932

Attorneys for Plaintiff
TERESA JUNKERSFELD

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TERESA JUNKERSFELD, an individual on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PER DIEM STAFFING SYSTEMS, INC.; and DOES 1 to 10 inclusive,<br><br>Defendants. | **CLASS ACTION COMPLAINT FOR:**<br><br>1. **Failure to Pay Overtime Wages (Labor Code §§ 510, 1194)**<br>2. **Failure to Pay Premium Wages for Missed Meal Breaks (Labor Code § 226.7)**<br>3. **Unfair Business Practices (Cal. Business & Professions Code § 17200, *et seq.*)**<br>4. **Waiting Time Penalties (Cal. Labor Code § 203)**<br><br>**AND DEMAND FOR JURY TRIAL** |

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1

Plaintiff TERESA JUNKERSFELD ("Plaintiff"), on behalf of herself and all others similarly situated, alleges as follows:

## NATURE OF THE ACTION

1. This is a California-wide class action against PER DIEM STAFFING SYSTEMS, INC. for (1) failing to include the value of housing and per diem allowances in employees' regular rate of pay when calculating overtime; (2) failing to include the value of housing and per diem allowances in employees' regular rate of compensation when calculating premium wages for missed meal breaks; and (3) failing to pay all wages owing at time of discharge.

## JURISDICTION

2. This Court has jurisdiction under 28 U.S.C. § 1332(a)(1) because the amount in controversy in this action exceeds $75,000, exclusive of interests and costs, and because the parties are citizens of different states.

## VENUE

3. This action may be brought in this judicial district pursuant to 28 U.S.C. § 1391 because Defendant Per Diem Staffing Systems, Inc. resides in this district and a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

4. Plaintiff is a citizen of Arkansas who was employed as a non-exempt hourly employee of Per Diem Staffing Systems, Inc. in French Camp, California in 2017 and 2018.

5. Defendant Per Diem Staffing Systems, Inc. is a Nevada corporation with its principal place of business in Concord, California and is engaged in the business of health care staffing throughout California.

6. Plaintiff is currently unaware of the true names and capacities of the defendants sued by the fictitious names DOES 1 through 10, inclusive, and, therefore, sue those defendants by fictitious names. Plaintiff alleges on information and belief that each of the DOE defendants is responsible or liable in some manner for the conduct alleged in the complaint and that Plaintiff's damages as herein alleged were proximately caused by those DOE defendants.

Plaintiff will amend this complaint to allege the true names and capacities of such fictitiously named defendants when they are ascertained.

7. Plaintiff alleges on information and belief that, at all times herein mentioned, each of the defendants was the agent, servant and employee of each of the other defendants, and in connection with the conduct hereinafter alleged, was acting within the scope of such agency and employment, and each defendant ratified each and every act, omission and thing done by each and every other defendant named herein.

8. Defendants Per Diem Staffing Systems, Inc. and DOES 1 through 10 will be referred to hereafter, collectively, as "Defendants."

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9. Defendants employ numerous non-exempt hourly health care professionals for travel assignments at health care providers throughout California (hereafter "Travelers").

10. Defendants require that Travelers complete the required number of shifts specified in their assignment contracts.

11. As part of Travelers' compensation, Defendants provide a weekly housing allowance for the duration of the travel assignment.

12. As part of Travelers' compensation, Defendants provide a weekly per diem allowance for the duration of the travel assignment.

13. If for any reason Travelers are unable to complete the required number of shifts, or do not work a shift for any reason, Defendants prorate the housing and per diem allowances per shift hours worked to make up for missed shifts, effectively reducing the value of the housing and per diem allowances in proportion to the number of hours actually worked.

14. The housing and per diem allowances are thus not based on the actual housing and per diem expenses actually incurred each week, but instead are based upon, and fluctuate with, the number of hours worked per week.

15. Notwithstanding that the amount of the housing and per diem allowances vary based upon hours worked, Defendants do not include the value of the housing or per diem

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

allowances in Travelers' regular rates of pay when calculating overtime and double time.

16.  Notwithstanding that the amount of the housing and per diem allowances vary based upon hours worked, Defendants do not include the value of the housing or per diem allowances in Travelers' regular rates of compensation when calculating missed meal period premiums.

17.  During Plaintiff's employment with Defendants, she worked in excess of 8 hours per day and/or 40 hours per week and missed meal periods.

18.  As part of Plaintiff's compensation, Defendants provided her with housing and per diem allowances for the duration of her travel assignment.

19.  If Plaintiff failed to work the minimum number of shifts required by her contract, Defendants would prorate the housing and per diem allowances per shift hours worked to make up for missed shifts, effectively reducing the value of her housing and per diem allowances in proportion to the number of hours she actually worked per week.

20.  Defendants did not include the value of Plaintiff's housing allowance or per diem allowance in her regular rate of pay when calculating her overtime and/or double time.

21.  Defendants did not include the value of Plaintiff's housing allowance or per diem allowance in her regular rate of compensation when calculating her missed meal period premiums.

## CLASS ACTION ALLEGATIONS

22.  Plaintiff brings claims on behalf of herself and all others similarly situated pursuant to Federal Rule of Civil Procedure 23. Plaintiff seeks to represent a California class composed of the following:

> All non-exempt hourly employees employed by Defendants in California from December 28, 2014 through the date of class certification who received a housing allowance and/or a per diem allowance (hereafter "California Class").

23.  Plaintiff reserves the right to amend or modify the class descriptions or establish additional subclasses as appropriate.

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

24. This action has been brought and may properly be maintained as a class action under Rule 23 because there is a well-defined community of interest in the litigation.

### A. Numerosity

25. The potential members of the class as defined are so numerous that joinder of all the members of the class is impracticable. While the precise number of members of the class has not been determined at this time, Plaintiff is informed and believes that the class contains in excess of 100 individuals.

### B. Commonality

26. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. These common questions include, without limitation, whether Defendants were required to include the value of the housing and per diem allowances in Travelers' regular rates of pay and compensation.

### C. Typicality

27. The class claims of the proposed class representative are typical of the claims of each class member.

28. As with other members of the California Class, Defendants failed to include the value of Plaintiff's housing and per diem allowances in Plaintiff's regular rate of pay and compensation.

### D. Adequacy of Representation

29. Plaintiff will fairly and adequately represent and protect the interests of the members of the California Class. Counsel who represent Plaintiff are competent and experienced in litigating employment class actions.

### E. Superiority of Class Action

30. A class action is superior to other available means for the fair and efficient adjudication of the class claims. Individual joinder of all class members is not practicable, and questions of law and fact common to the class predominate over any questions affecting only individual members of the class. Each member of the class has been damaged and is entitled to

recover by reason of Defendants' illegal common policies.

31.  Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## FIRST CAUSE OF ACTION

## CLASS ACTION CLAIM FOR FAILURE TO PAY OVERTIME

## (LABOR CODE §§ 510, 1194)

32.  Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

33.  Labor Code section 510 requires an employer to provide premium overtime and/or double time pay for work in excess of 8 hours per day and 40 hours per week.

34.  Labor Code section 1194 entitles an employee receiving less than the legal overtime and/or double time pay to recover, in a civil action, the unpaid balance of overtime and/or double time wages owing, plus interest, reasonable attorneys' fees, and costs of suit.

35.  As a result of Defendants' failure to include the value of the housing and per diem allowances in employees' regular rates of pay, Plaintiff and other members of the California Class were not paid the correct premium overtime and/or double time rates for hours worked in excess of 8 hours per day and/or 40 hours per week.

36.  Plaintiff seeks to recover, on behalf of herself and other California Class members, payment of the overtime and/or double time owing to them, plus penalties and interest, attorneys' fees and costs, in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

## CLASS ACTION CLAIM FOR FAILURE TO PAY PREMIUM WAGES

## (LABOR CODE § 226.7)

37.  Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

38. Labor Code section 226.7(c) provides that "[i]f an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided."

39. As a result of Defendants' failure to include the value of the housing and per diem allowances in employees' regular rates of compensation, Plaintiffs and other members of the California Class were not paid the correct premium wage rates pursuant to Labor Code section 226.7(c).

40. Plaintiff seeks to recover, on behalf of herself and other members of the California Class, payment of the difference between what they should have been paid had the value of the housing and per diem allowances been included in their regular rates of compensation, and what they were actually paid, plus interest.

### THIRD CAUSE OF ACTION

### CLASS ACTION CLAIM FOR UNFAIR BUSINESS PRACTICES

### (BUSINESS & PROFESSIONS CODE § 17200, *et seq.*)

41. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

42. A violation of California Business & Professions Code section 17200, *et seq.* may be predicated on the violation of any state or federal law.

43. Defendants' failure to include the value of the housing and per diem allowances in employees' regular rates of pay and compensation violates Business & Professions Code section 17200, *et seq.* by virtue of violating Labor Code sections 226.7 and 510.

44. Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff, the other California Class members, and the general public.

Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

45.  Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, *et seq.*

46.  Pursuant to California Business & Professions Code section 17200, *et seq.*, Plaintiff and other California Class members are entitled to an accounting for and restitution of the wages unlawfully withheld and retained by Defendants during the class period, an award of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable laws, and an award of costs.

## FOURTH CAUSE OF ACTION
## CLASS ACTION CLAIM FOR WAITING TIME PENALTIES
## (LABOR CODE §§ 201, 203)

47.  Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

48.  Labor Code section 201 requires an employer to immediately pay all wages owing to an employee at the time of discharge.

49.  In violation of Labor Code section 201, Defendants discharged Plaintiff and other members of the California Class without paying them the overtime, double time, and/or premium wages owing.

50.  Defendants' failure to pay Plaintiff and other California Class members all wages owing at the time of discharge, as alleged above, was willful, as Defendants intentionally failed to include the value of the housing and per diem allowances in their regular rates of pay and compensation.

51.  Pursuant to Labor Code section 203, Plaintiff and other California Class members are entitled to waiting time penalties in an amount to be determined at trial.

///

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

### Class Certification

1. That this case be certified as a class action;
2. That Plaintiff be appointed as the representative of the California Class; and
3. That counsel for Plaintiff be appointed as class counsel.

### First Cause of Action

4. That the Court declare, adjudge and decree that Defendants violated Labor Code section 510 by failing to pay Plaintiff and other California Class members the correct overtime and/or double time rates for hours worked in excess of 8 hours per day and/or 40 hours per week;
5. For unpaid overtime and/or double time wages and such general and special damages as may be appropriate;
6. For pre-judgment interest on any unpaid wages owing commencing from the date such amounts were due;
7. For attorneys' fees and costs of suit incurred herein pursuant to Labor Code section 1194(a); and
8. For such other and further relief as the Court may deem equitable and appropriate.

### Second Cause of Action

9. That the Court declare, adjudge and decree that Defendants violated Labor Code section 226.7(c) by failing to pay Plaintiffs and other California Class members the correct premium rates for missed meal breaks;
10. For unpaid premium wages pursuant to Labor Code section 226.7(c) and such general and special damages as may be appropriate;
11. For pre-judgment interest on any premium wages owing commencing from the date such amounts were due; and
12. For such other and further relief as the Court may deem equitable and appropriate.

///

### Third Cause of Action

13. That the Court declare, adjudge and decree that Defendants violated Business & Professions Code section 17200, et. seq. by virtue of violating Labor Code sections 225.7 and 510;

14. For an accounting for and restitution of the wages unlawfully withheld and retained by Defendants during the class period;

15. For attorneys' fees and costs of suit incurred herein pursuant to Code of Civil Procedure section 1021.5; and

16. For such other and further relief as the Court may deem equitable and appropriate.

### Fourth Cause of Action

17. That the Court declare, adjudge and decree that Defendants violated Labor Code section 201 by willfully failing to pay Plaintiff and other California Class members all wages owing at the time of discharge;

18. For statutory waiting time penalties pursuant to Labor Code section 203 for Plaintiff and other California Class members; and

19. For such other and further relief as the Court may deem equitable and appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of these claims by jury to the extent authorized by law.

DATED: December 28, 2018              HAYES PAWLENKO LLP

                                      By:/s/Kye D. Pawlenko
                                         Kye D. Pawlenko
                                         Attorneys for Plaintiff