KENNETH D. SULZER (SBN 120253)
ksulzer@constangy.com
SARAH KROLL-ROSENBAUM (SBN 272358)
skroll-rosenbaum@constangy.com
SAYAKA KARITANI (SBN 240122)
skaritani@constangy.com
MATTHEW SCHOLL (SBN 301560)
mscholl@constangy.com
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
2029 Century Park East, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 909-7775

Attorneys for Defendant
PER DIEM STAFFING SYSTEM, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA - OAKLAND COURTHOUSE

| | |
|---|---|
| TERESA JUNKERSFELD, an individual on behalf of herself and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PER DIEM STAFFING SYSTEMS, INC., and DOES 1 to 10 inclusive,<br><br>Defendants. | Case No. 4:18-cv-07795-KAW<br><br>[Magistrate Judge Kandis A. Westmore, Ctrm. 4]<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADING PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(c)**<br><br>Date: May 2, 2019<br>Time: 1:30 p.m.<br>Ctrm: 4<br><br>Filed Concurrently with Notice of Motion and Motion, and [Proposed] Order. |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. SUMMARY OF ARGUMENT

In this putative California wage and hour class action, Plaintiff Teresa Junkersfeld contends that Defendant Per Diem Staffing Systems, Inc. ("Defendant" or "Per Diem Staffing") improperly excludes per diem expense reimbursements from the calculation of the regular rate of pay for purposes of overtime and missed meal penalties. Plaintiff's allegations, even if accepted as true, fail to state a claim as a matter of law. Defendant's exclusion of the per diems from the regular rate of pay is expressly permitted by Section 207(e)(2) of the Fair Labor Standards Act ("FLSA").[1]

Per Diem Staffing is a temporary healthcare staffing company that places Travelers on temporary assignments in California. (Complaint ("Compl.") ¶¶ 5, 9, ECF No. 1.) During their assignments, Per Diem Staffing provides Travelers with housing and meal per diems. (Compl. ¶¶ 11, 12.)

Plaintiff Junkersfeld challenges the alleged practice of reducing employees' per diem amounts at a proportional amount when they do not work on behalf of the company. Plaintiff alleges in paragraphs 13-16 of her Complaint:

> 13. If for any reason Travelers are unable to complete the required number of shifts, or do not work a shift for any reason, Defendants prorate the housing and per diem allowances per shift hours worked to make up for missed shifts, effectively reducing the value of the housing and per diem allowances in proportion to the number of hours actually worked.
>
> 14. The housing and per diem allowances are thus not based on the actual housing and per diem expenses actually incurred each week, but

---

[1] Plaintiffs assert claims under the California Labor Code, not under the FLSA. Where, as here, there is an "absence of controlling or conflicting California law, California courts generally look to federal regulations under the FLSA for guidance." *See's Candy Shops, Inc. v. Super. Ct.*, 210 Cal.App.4th 889, 903 (2012); *see also Huntington Memorial Hosp. v. Super. Ct.*, 131 Cal.App.4th 893, 902 (2005) (applying FLSA definition of "regular rate" to California overtime requirements under Labor Code § 510), citing 29 U.S.C. § 207(e) (emph. added).

>   instead are based upon, and fluctuate with, the number of hours worked per week.
>
>   15. Notwithstanding that the amount of the housing and per diem allowances vary based upon hours worked, Defendants do not include the value of the housing or per diem allowances in Travelers' regular rates of pay when calculating overtime and double time.
>
>   16. Notwithstanding that the amount of the housing and per diem allowances vary based upon hours worked, Defendants do not include the value of the housing or per diem allowances in Travelers' regular rates of compensation when calculating missed meal period premiums.

Recently, in *Clarke v. AMN Services, LLC*, a case in which counsel for Plaintiff Junkersfeld tested the same theory they pursue here, Judge Fischer concluded that when a traveling healthcare professional is away from home but not working on the employer's behalf, there was "no reason" why a similar policy of recouping a portion of a per diem reimbursement to account for hours *not worked* "should alter the characterization of the per diem as not part of the 'regular wage.'" *See Clarke v. AMN Services, LLC*, CV 16-4132 DSF (KSx) 2018 WL 3357467, at *2-3 (C.D. Cal. June 26, 2018).

Because Plaintiff alleges no impropriety requiring the per diems to be calculated as part of the regular rate, the Complaint should be dismissed with prejudice.

## II.   STATEMENT OF ALLEGED FACTS

Plaintiff Junkersfeld alleges that Per Diem Staffing is a healthcare staffing company that places healthcare professionals ("Travelers") on temporary assignments at healthcare facilities throughout California. (Compl. ¶ 9.) She further alleges that Travelers are provided a weekly housing allowance and weekly per diem during their assignments. (Compl. ¶¶ 11, 12.) If a Traveler does not complete the required shifts, his or her per diem allowances are prorated "effectively reducing the value of the housing and per diem allowances in proportion to the number of hours actually worked." (*Id.* ¶ 13.) Finally, she alleges that the value of the per diems are excluded from Defendant's calculation of the regular rate for purposes of overtime and missed

meal period premiums. (*Id.* ¶¶ 15, 16.)

## III. LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "A judgment on the pleadings is properly granted when, taking all the allegations in the pleadings as true, [a] party is entitled to judgment as a matter of law." *Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, 883 (9th Cir. 2011) (internal citations and quotations omitted).

A motion for judgment on the pleadings under Rule 12(c) is "functionally identical" to a motion to dismiss brought under Rule 12(b)(6). *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 n.4 (9th Cir. 2011) (explaining that the same plausibility standard set forth under *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) governs Rule 12(c) motions). In order to survive dismissal, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Assuming well-pleaded factual allegations as true, the Court must "determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. This is context-specific and requires the Court to draw on its experience and common sense; there can be no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id*.

## IV. ARGUMENT

Plaintiff's substantive allegations are brought under the California Labor Code, not the Fair Labor Standards Act. Where, as here, there is an "absence of controlling or conflicting California law, California courts generally look to federal regulations under the FLSA for guidance." *See's Candy Shops, Inc. v. Super. Ct.*, 210 Cal.App.4th 889, 903 (2012); *see also Huntington Mem'l Hosp. v. Super. Ct.*, 131 Cal. App. 4th 893,

902 (2005) ("Under state and federal law, overtime compensation is based on an employee's "regular rate"") (citing and following Cal. Lab. Code, § 510(a); 29 U.S.C. § 207(1), (2)).

The general rule under the FLSA for calculating the regular rate is to include "all remuneration" paid to the employee. 29 U.S.C. § 207(e). The statute also "enumerates the forms of compensation that an employer may exclude from the regular rate when calculating overtime pay," and in particular, "[s]ection 207(e) then specifies eight exemptions from the general rule."[2] *See Adoma v. Univ. of Phoenix, Inc.*, 779 F. Supp. 2d 1126, 1132 (E.D. Cal. 2011); *Culley v. Lincare, Inc.*, No. 2:15-cv-00081-MCE-CMK, 2017 WL 3284800 at *5 (E.D. Cal. Aug. 2, 2017) (examining section 207(e)(3)). The employer bears the burden of establishing that an exemption applies. *Flores v. City of San Gabriel*, 824 F.3d 890, 897 (9th Cir. 2016). An employer may exclude from the regular rate "reasonable payments for traveling expenses, or other expenses, incurred by an employee in the furtherance of his employer's interests and properly reimbursable by the employer[.]" *See* 29 U.S.C. § 207(e)(2).

Prorating per diems when travelers do not work on Per Diem Staffing's behalf does not transform the per diems, in their entirety, into wages. First, contrary to Plaintiff's theory, prorating per diems when a putative class member does not incur expenses on behalf of the company ensures that the per diems are a reasonable approximation of expenses incurred on behalf of the company.[3] The FLSA makes clear

---

[2] "Exemptions are as much a part of the FLSA's purpose as the overtime-pay requirement." *Encino Motorcars, LLC v. Navarro*, 138 S. Ct. 1134, 1142 (2018) (internal marks and citations omitted). "Because the FLSA gives no textual indication that its exemptions should be construed narrowly, there is no reason to give them anything other than a fair (rather than a narrow) interpretation." *Id.* Similarly, "[t]he Supreme Court has made it clear that an employment practice does not violate the FLSA unless the FLSA *prohibits* it." *Cumbie v. Woody Woo, Inc.*, 596 F.3d 577, 583 (9th Cir. 2010) (citation omitted) (emph. in original).

[3] That an employee must work on his or her employer's behalf to incur reimbursable expenses is fundamental to the cases holding that the per diems at issue were properly excluded from the regular rate. *See Sharp v CGG Land (U.S.), Inc.*, 141

that "[i]f the employer reimburses the employee for expenses normally incurred by the employee for his own benefit, he is, of course, increasing the employee's regular rate thereby." *See* 29 C.F.R. § 778.217(d) ("The expenses for which reimbursement is made must . . . be expenses incurred by the employee on the employer's behalf or for his benefit or convenience"). By law, the Traveler's weekly per diems may be reduced to ensure they only cover the traveler's work-related expenses so they are not considered "remuneration" for work that never occurred. As Judge Fischer recognized in *Clarke*, "But reducing payments for time not worked would, if anything, logically make the payments better at reflecting expenses incurred for the benefit of the employer, not worse. By reducing the payments for time not worked, Defendant would probably be erring on the side of not paying employees for work-related expenses, rather than compensating them for personal expenses." *Clarke v. AMN Services LLC,* CV 16-4132 DSF (KSx), 2018 WL 3357467,*2 (C.D. Cal. June 26, 2018.)

Second, there is no traction in the Ninth Circuit for the notion that a reduction in per diems transform them into hourly wages. When looking at § 207(e)(2), the Ninth Circuit examines "whether the payment at issue is generally understood as compensation to the employee, not whether the payment is tied to specific hours worked by the employee." *Flores v. City of San Gabriel*, 824 F.3d 890, 899 (9th Cir. 2016). In *Flores* the Ninth Circuit recognized that payments "expressly excluded" from the regular rate under § 207(e)(2) include "payments for non-working time, similar to vacation or sick time" and "reimbursements" for work that is performed on behalf of

---

F. Supp. 3d 1169, 1170 (N.D. Okla. 2015) ("For every day that Sharp **worked**, he received a cash payment of $35.00…"); *Mundell v. DBA/DMC Mining Servs. Corp.*, NO. 4:12-cv-2614, 2014 WL 7911147, *2 (M.D. Penn. Apr. 2, 2014) ("Plaintiff was paid a per diem of $75.00 per day, or $975.00 every two weeks for thirteen **working** days"); *Acton v. City of Columbia*, No. 03-4159-CV-NKL, 2004 WL 2152297, *1 (W.D. Mo. Sept. 10, 2004) ("At the beginning of each six-month period, Columbia provides a meal allowance advance to each of its firefighters based on the anticipated number of 24-hour shifts the firefighter **will work** during the upcoming six month period") (emph. added).

the employer. *Flores*, 824 F.3d at 900 (citations omitted).[4] While Junkersfeld alleges the per diems "are based upon, and fluctuate with the number of hours worked per week," (Compl. ¶ 14), in the Ninth Circuit, [i]t makes no difference whether the supplemental payments are tied to a regular weekly wage or regular hourly wage." *See Local 246 Util. Workers Union of America v. S. California Edison Co.*, 83 F.3d 292, 295 (9th Cir. 1996).[5]

Likewise, courts around the country have judged per diems not by whether they are measurable in some amount or fashion by hours worked, but by whether in whole, the per diems act as a substitute in lieu of payment for hours worked. *See, e.g.*, *Acosta v. Mountain Masonry, Inc.*, No. 1:16-cv-00042, 2018 WL 259773 at *3-4 (W.D. Va. Jan. 2, 2018) (determining that while additional three dollar per hour per diem provided for every hour worked at a remote job site was facially "tied to hours worked," it was "clear that the per diem payments were not intended to function as overtime compensation" because the employees received the payment whether or not they worked in excess of 40 hours per week); *accord Sharp v. CGG Land (U.S.) Inc.*, 840 F.3d 1211, 1215-16 (10th Cir. 2016) (affirming summary judgment where thirty-five dollar per diem for food expenses while traveling was properly excluded from calculation of employees' regular rate of pay because the "employees d[id] not receive higher per diem payments after working longer hours"); *Berry v. Excel Group, Inc.*, 288 F.3d 252, 254 (5th Cir. 2002) (affirming summary judgment that one hundred dollar per week per diem payment "was a legitimate, reasonable reimbursement of travel

---

[4]  The payments at issue in *Flores* were allowances for medical, vision, and dental expenses that were examined under the "other similar payments" clause of § 207(e)(2) that were not for business-related expenses incurred on the employer's behalf, making them a benefit to the employee rather than the employer and a form of compensation for doing work. *Flores*, 824 F.3d at 896-901.

[5]  Similar to *Flores*, the supplemental disability payments at issue in *Local 246* were not excludable under the "other similar payments" clause of § 207(e)(2) because they "permit[ed] those employees to be paid at a higher rate for working at an otherwise lower-paying job." *Local 246*, 83 F.3d at 295.

expenses" and properly excludable from the regular rate of pay). Even a per diem tied precisely to the specific hours worked will still be excluded from the regular rate, so long as the per diem "reasonably approximates the expenses incurred." *See, e.g., Brennan v. Padre Drilling Co., Inc.,* 359 F. Supp. 462, 465-66 (S.D. Tex. May 2, 1973) (excluding a dollar per hour per diem from the regular rate even though the "total amount of such per diem depends upon how many hours per day the employee works" because the payment was a reasonable approximation of travel and other expenses).

Finally, Plaintiff may seek to rely on the Department of Labor Field Operations Handbook, Wage & Hour Div., Dep't of Labor, *Field Operations Handbook* § 32d05a(c) (1983) (the "FOH")). Section 32d05a of the FOH ("subpart (c)") provides:

> If the amount of per diem or other subsistence payment is based upon and thus varies with the number of hours worked per day or week, such payments are a part of the regular rate in their entirety. However, this does not preclude an employer from making proportionate payments for that part of a day that the employee is required to be away from home on the employer's business. For example, if an employee returns to his/her home or employer's place of business at noon, the payment of only one-half the established per diem rate for that particular day would not thereby be considered as payment for hours worked and could thus be excluded from the regular rate.

However, as the Ninth Circuit has opined, "it does not appear … that the FOH is a proper source of interpretive guidance," because, "[t]he handbook itself says that it 'is not used as a device for establishing interpretative policy.'" *See Probert v. Family Centered Services of Alaska, Inc.,* 651 F.3d 1007, 1012 (9th Cir. 2011) (internal marks omitted).[6] Nonetheless, read carefully, the FOH endorses proportionate payments that

---

[6] In a recent case involving a different FLSA regulation concerning "dual jobs," the Ninth Circuit afforded deference to another section of the FOH because the regulation at issue was ambiguous and the DOL had officially adopted the FOH's position in a prior litigation. *See Marsh v. J. Alexander's LLC*, 905 F.3d 610, 623-32 (9th Cir. Sept. 18, 2018). Neither of the requirements for deference that were present in *Marsh* is present here.

are made in the event an employee works only part of a day on the employer's behalf. *See* FOH, § 32d05a. Indeed, as Judge Fischer noted in *Clarke* with respect to the FOH, "After stating that expense reimbursements should not vary with the number of hours worked, the FOH immediately approves of the practice of cutting a per diem proportionately if only part of a day was spent away from home or the employee's normal workplace. This is what Defendant was doing, and it is explicitly contemplated and approved of in the FOH." *Clarke v. AMN Services LLC,* CV 16-4132 DSF (KSx), 2018 WL 3357467,*2 (C.D. Cal. June 26, 2018.)

## IV.  CONCLUSION

For all of the foregoing reasons, Per Diem Staffing is entitled to judgment on the pleadings.

Dated:  March 6, 2019

**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**

By: /s/Sarah Kroll-Rosenbaum
  Kenneth D. Sulzer
  Sarah Kroll-Rosenbaum
  Sayaka Karitani
  Matthew Scholl
  Attorneys for Defendant
  PER DIEM STAFFING SYSTEM, INC.