UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA JUNKERSFELD, <br> Plaintiff, <br> v. <br> PER DIEM STAFFING SYSTEMS, INC., <br> Defendant. | Case No. 4:18-cv-07795-KAW <br><br> **ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS** <br><br> Re: Dkt. No. 11 |

On March 6, 2019, Defendant Per Diem Staffing Systems, Inc. filed a motion for judgment on the pleadings.

Upon review of the moving papers, the Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and, for the reasons set forth below, GRANTS Defendant's motion for judgment on the pleadings with leave to amend.

## I. BACKGROUND

Defendant Per Diem Staffing Systems, Inc. ("Defendant" or "Per Diem Staffing") is a healthcare staffing company that places healthcare professionals ("Travelers") on temporary assignments at healthcare facilities throughout California. (Compl., Dkt. No. 1 ¶ 9.)

On December 28, 2018, Plaintiff Teresa Junkersfeld filed a putative California wage and hour class action alleging that Defendant improperly excludes per diem expense reimbursements from the calculation of the regular rate of pay for purposes of overtime and missed meal penalties. Specifically, Plaintiff claims violations of California Labor Code §§ 510, 1194 (failure to pay overtime wages), California Labor Code § 226.7 (missed meal breaks), California Business and Professions Code § 17200 (unfair business practices), and California Labor Code §§ 201, 203 (waiting time penalties).

Plaintiff alleges that Travelers are provided a weekly housing allowance and weekly per diem during their assignments. (Compl. ¶¶ 11, 12.) If a Traveler does not complete the required shifts, his or her per diem allowances are prorated "effectively reducing the value of the housing and per diem allowances in proportion to the number of hours actually worked." (Compl. ¶ 13.) As a result, Plaintiff alleges that the value of the per diems are improperly excluded from the regular rate of pay for the purposes of calculating overtime and missed meal period premiums. (Compl. ¶¶ 15, 16.)

On March 6, 2019, Defendant filed a motion for judgment on the pleadings. (Def.'s Mot., Dkt. No. 11.) On March 20, 2019, Plaintiff filed an opposition. (Pl.'s Opp'n, Dkt. No. 14.) On March 26, 2019, Defendant filed a reply. (Def.'s Reply, Dkt. No. 15.)

On April 1, 2019, Plaintiff filed a notice of supplemental authority. (Dkt. No. 16.) On April 2, 2019, Defendant filed an objection and response to the supplemental authority. (Dkt. No. 17.) The supplemental authority is a proposed rule, and is, therefore, not binding nor persuasive, and will not be considered.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings after the pleadings are closed but early enough not to delay trial. "[T]he same standard of review applicable to a Rule 12(b) motion applies to its Rule 12(c) analog," because the motions are "functionally identical." *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). A Rule 12(c) motion may thus be predicated on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When considering a motion to dismiss under Rule 12(c), the court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

When a court grants a Rule 12(c) motion, leave to amend should be freely given if it is possible that further factual allegations will cure any defect. *See Somers v. Apple, Inc.*, 729 F.3d 953, 960 (9th Cir. 2013).

///

### III. DISCUSSION

Whether per diem allowances are excluded from the regular rate of pay under 29 U.S.C. § 207(e)(2) is a threshold issue in this case, because, if it is excluded, Plaintiff's four causes of action fail to state a claim for which relief may be granted. In making this motion, Defendant contends that they are properly excluded.

While Plaintiff's substantive allegations are brought under the California Labor Code, not the Fair Labor Standards Act, where there is an "absence of controlling or conflicting California law, California courts generally look to federal regulations under the FLSA for guidance." *See's Candy Shops, Inc. v. Super. Ct.*, 210 Cal. App. 4th 889, 903 (2012). Under the FLSA, the general rule for calculating the regular rate is to include "all remuneration" paid to the employee, which includes compensation that is "not directly attributable to any particular hours of work." 29 U.S.C. § 207(e); 29 C.F.R. § 778.224. An employer, however, may exclude from the regular rate "reasonable payments for traveling expenses, or other expenses, incurred by an employee in the furtherance of his employer's interests and properly reimbursable by the employer; and other similar payments to an employee which are not made as compensation for his hours of employment[.]" 29 U.S.C. § 207(e)(2). The FLSA is construed liberally in favor of employees, and exemptions are narrowly construed against employers seeking to assert them. *Flores v. City of San Gabriel*, 824 F.3d 890, 897 (9th Cir. 2016) (citations and quotations omitted). The employer bears the burden to show that a particular exemption applies. *Flores,* 824 F.3d at 897; *see also Dietrick v. Securitas Sec. Servs. USA, Inc.*, 50 F. Supp. 3d 1265, 1270 (N.D. Cal. 2014).

Defendant contends that the fact that it prorated per diems and housing payments when Travelers did no work on its behalf does not transform those per diems into wages. (Def.'s Mot. at 5.) In fact, Defendant argues that "prorating per diems when a putative class member does not incur expenses on behalf of the company ensures that the per diems are a reasonable approximation of expenses incurred on behalf of the company." *Id.* To do otherwise would, pursuant to 29 C.F.R. § 778.217(d), result in reimbursement for "expenses normally incurred by the employee for his own benefit[,]" rather than the company's, and would increase the employee's regular rate. (*See* Def.'s Mot. at 6.)

In opposition, Plaintiff argues that, since the housing and per diem payments "are prorated in proportion to the number of hours worked, they are ineligible for exclusion under Section 207(e)(2) because they have 'a direct relationship to the time that an employee worked.'" (Pl.'s Opp'n at 6 (citing *Dietrick*, 50 F. Supp. 3d at 1271).) *Dietrick,* however, is distinguishable on the facts, because the amount of the payments was based on "(1) the employee's years of service; (2) the number of hours worked in the immediately preceding year; and (3) the employee's most frequent rate of pay during the year." 50 F. Supp. 3d 1265 at 1270.

Similarly, in *Flores v. City of San Gabriel*, the Ninth Circuit held that cash-in-lieu of benefits payments were improperly excluded from the regular rate of pay pursuant to § 207(e)(2), despite not being directly tied to the hours worked by the plaintiffs. 824 F.3d at 900. There, the court relied on the FLSA's inclusion of a separate exemption addressing benefits to suggest that payments related to benefits would be considered compensation. *Id.* As a result, *Dietrick* and *Flores* are not dispositive.

There does not appear to be any binding legal authority that is directly applicable to the instant case. Section 207(e)(2) explicitly exempts reasonable traveling expenses and those expenses incurred on behalf of the employer. Defendant argues that *Clarke v. AMN Servs., LLC*, No. CV 16-4132 DSF (KSX), 2018 WL 3357467, at *1 (C.D. Cal. June 26, 2018), is instructive, because it ensures that per diem payments better reflect expenses incurred for the benefit of the employer. (Def.'s Mot. at 6.) *Clarke* involved per diem payments made to traveling clinicians, who were paid for all seven days of a week even if they did not work on all of the days so long as the contracted number of hours were worked in a given week. 2018 WL 3357467, at *1. If the employee did not work all hours contracted, the payment was initially reduced proportionately and later based on the number of shifts missed. *Id.* The district court held that the per diem payment was not part of the regular wage. *Id.* at *2.

Plaintiff argues that the district court in *Clarke* "overlooked that employees remain away from home on the employer's business for the entirety of their travel assignments." (Pl.'s Opp'n at 9.) The undersigned agrees. Travelers remain away from home for the entirety of their assignment, and incur costs for food and housing, even if they do not work all scheduled shifts.

4

Narrowly construing the exemption, reducing the per diem and housing payments based on the number of shifts worked inextricably ties the payments to the hours worked, rendering them part of the employee's regular rate.

In its reply, Defendant points out that there is no allegation in the complaint that Plaintiff incurs expenses on behalf of Per Diem Staffing when she does not work. (Def.'s Reply at 7.) This is well taken. In the absence of such an allegation, the motion for judgment on the pleadings must be granted.

Notwithstanding, the Court grants Plaintiff leave to amend to allege specific facts regarding how expenses were incurred when she did not work, and when her housing allowance and per diem were prorated.

## IV. CONCLUSION

In light of the foregoing, Defendant's motion for judgment on the pleadings is GRANTED with leave to amend. Plaintiff shall file her first amended complaint within 14 days of this order.

IT IS SO ORDERED.

Dated: May 24, 2019

KANDIS A. WESTMORE
United States Magistrate Judge