UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA JUNKERSFELD,<br><br>Plaintiff,<br><br>v.<br><br>PER DIEM STAFFING SYSTEMS, INC.,<br><br>Defendant. | Case No. 4:18-cv-07795-KAW<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 25 |

On June 10, 2019, Defendant Per Diem Staffing Systems, Inc. filed a motion to dismiss the first amended complaint.

On August 1, 2019, the Court held a hearing, and, after careful consideration of the parties' arguments, and for the reasons set forth below, DENIES Defendant's motion to dismiss.

## I. BACKGROUND

Defendant Per Diem Staffing Systems, Inc. ("Defendant" or "Per Diem Staffing") is a healthcare staffing company that places healthcare professionals ("Travelers") on temporary assignments at healthcare facilities throughout California. (First Am. Compl., "FAC," Dkt. No. 22 ¶ 9.)

On December 28, 2018, Plaintiff Teresa Junkersfeld filed a putative California wage and hour class action alleging that Defendant improperly excludes per diem expense reimbursements from the calculation of the regular rate of pay for purposes of overtime and missed meal penalties. Specifically, Plaintiff claims violations of California Labor Code §§ 510, 1194 (failure to pay overtime wages), California Labor Code § 226.7 (missed meal breaks), California Business and Professions Code § 17200 (unfair business practices), and California Labor Code §§ 201, 203 (waiting time penalties).

Plaintiff alleges that Travelers are provided a weekly housing allowance and weekly per diem during their assignments. (FAC ¶¶ 11.) The allowance and per diem is not based on actual or approximate expenses. (FAC ¶ 15.) If a Traveler does not complete the required shifts, his or her per diem allowances are prorated "effectively reducing the value of the weekly housing and per diem allowances in proportion to the number of hours actually worked." (FAC ¶ 20.) Travelers remain away from home for the duration of their travel assignments, and incur housing, meal, and other travel expenses each week as a result of being away from home regardless of the number of shifts worked. (FAC ¶ 12.) As a result, Plaintiff alleges that the value of the per diems are improperly excluded from the regular rate of pay for the purposes of calculating overtime and missed meal period premiums. (FAC ¶¶ 22-23 32-33.)

On March 6, 2019, Defendant filed a motion for judgment on the pleadings. On May 24, 2019, the Court granted the motion with leave to amend. (5/24/19 Order, Dkt. No. 24.) On May 28, 2019, Plaintiff filed her first amended complaint.

On June 10, 2019, Defendant filed a motion to dismiss. (Def.'s Mot., Dkt. No. 25.) On June 24, 2019, Plaintiff filed an opposition. (Pl.'s Opp'n, Dkt. No. 26.) On July 1, 2019, Defendant filed a reply. (Def.'s Reply, Dkt. No. 27.)

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss based on the failure to state a claim upon which relief may be granted. A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In considering such a motion, a court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case or a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro*, 250 F.3d at 732) (internal quotation marks omitted).

A claim is plausible on its face when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"Threadbare recitals of the elements of a cause of action" and "conclusory statements" are inadequate. *Iqbal*, 556 U.S. at 678; *see also Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully . . . When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted). Generally, if the court grants a motion to dismiss, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations omitted).

### III. DISCUSSION

#### A. Fair interpretation of the FLSA exemption

Defendant argues that the undersigned erred by applying the incorrect standard in deciding whether per diem allowances were properly excluded from the regular rate of pay under 29 U.S.C. § 207(e)(2). (Def.'s Mot. at 3.) In making this argument, Defendant is essentially seeking reconsideration of the undersigned's prior order on the grounds that FLSA exemptions should not be narrowly construed after *Encino Motorcars, LLC v. Navarro*, 138 S. Ct. 1134, 1142 (2018). (Def.'s Mot. at 2.) As such, Defendant should have filed a motion for leave to file a motion for reconsideration, rather than a motion to dismiss, and the instant motion may be denied on that grounds alone.

Notwithstanding, while Defendant is correct that FLSA exemptions are no longer narrowly construed, the court is now tasked with providing "a fair (rather than a 'narrow') interpretation."

3

*Encino Motorcars,* 138 S. Ct. at 1142 (quotations omitted).[1] This standard does not change the outcome in this case, because, by employing a "fair interpretation," "reducing the per diem and housing payments based on the number of shifts worked inextricably ties the payments to the hours worked, rendering them part of the employee's regular rate." (5/24/19 Order at 5.)

Accordingly, the motion to dismiss is denied.

### B. Whether Plaintiff alleges sufficient facts

Additionally, Defendant moves to dismiss on the grounds that the operative complaint is "devoid of specific factual allegations about *how* [P]laintiff incurred expenses *on behalf of* Per Diem Staffing when she did not work *and* had her per diem prorated." (Def.'s Mot. at 4) (emphasis in original.) Indeed, Plaintiff alleges that she "remained away from home for the duration of her travel assignments with Defendants, and incurred housing, meal, and other travel expenses each week as a result of being away from home for the assignments without regard to the specific number of scheduled hours or shifts she worked." (FAC ¶ 31.)

In opposition, Plaintiff does not address the fact that the amended complaint does not allege that her housing allowance or per diem were actually prorated nor does it cite to instances of when that happened. (*See* Pl.'s Opp'n at 1.) At the hearing, Plaintiff clarified that the harm is not the reduction or proration of the per diem. Rather, it is the exclusion of the per diem from the regular rate of pay, which is used to calculate the overtime premium. By excluding the per diem from the regular rate of pay, Plaintiff was underpaid for the overtime hours worked. Thus, upon reflection, the Court erred in instructing Plaintiff to plead facts pertaining to when her housing allowance and per diem were prorated, because proration is not required for her to serve in a representative capacity. (*See* 5/24/19 Order at 5.)

Accordingly, the motion to dismiss is denied.

### IV. CONCLUSION

In light of the foregoing, Defendant's motion to dismiss the first amended complaint is

---

[1] Defendant incorrectly represents that the Ninth Circuit has taken a position on this issue, which it has not. Orders from other district courts are not binding, legal authority, and the Court remains unpersuaded by the rationale in *Clarke v. AMN Servs., LLC*, No. CV 16-4132 DSF (KSX), 2018 WL 3357467 (C.D. Cal. June 26, 2018).

DENIED. Defendant shall file an answer to the first amended complaint within 21 days of this order.

Finally, the initial case management conference is set for October 22, 2019 at 1:30 PM. The joint case management statement is due on or before October 15, 2019.

IT IS SO ORDERED.

Dated: August 15, 2019

KANDIS A. WESTMORE
United States Magistrate Judge